**In the Matter of Walter LONG, Linda Long, Debtors.**

**Bankruptcy No. LR 81–858.**

United States Bankruptcy Court, E. D. Arkansas, W. D.

Dec. 29, 1981.

Peter Heister, Little Rock, Ark., for debtors.

### ORDER DENYING DEBTORS' MOTION TO VACATE AND SET ASIDE DISMISSAL OF THIS CASE

DENNIS J. STEWART, Bankruptcy Judge.

On December 8, 1981, this matter came before the court of bankruptcy sitting

in Little Rock, Arkansas, to determine whether this chapter 13 case should be dismissed. At the time appointed for the hearing, neither the debtors nor the counsel appeared. The only appearance was that of Peter Heister, Esquire, who appeared as counsel for the creditor, Paccar Financial Corporation. The court thereupon undertook to review its own files and records, which conclusively demonstrated that the debtors in this case have previously filed the following three petitions for relief under title 11 of the United States Code; that in each of these previous cases, the debtors failed and refused timely to file the schedules which were necessary to the processing of the case; and that, as a result, the respective cases were all dismissed on the dates below set forth:

| Number of Case | Date Filed | Date Dismissed |
| --- | --- | --- |
| LR 81–76 | January 21, 1981 | March 9, 1981 |
| LR 81–399 | April 14, 1981 | May 19, 1981 |
| LR 81–616 | June 11, 1981 | July 11, 1981 |

Under such circumstances, which represent a repeated filing of frivolous actions without any effect to file the papers which were necessary to permit the court properly to process the cases, the court dismissed the current petition on December 14, 1981. It was the determination then made by the court that it was in the best interests of creditors, who had been prejudically delayed by the repeated filing of incomplete petitions, that the case at bar be dismissed. The dismissal was thus an abstention under § 305 of the Bankruptcy Code.

The debtors now move to vacate and set aside the foregoing order of dismissal and abstention. They state, through counsel, that, by reason of their counsel's necessary attendance at another hearing at the time the hearing on this matter was scheduled, they were unable to appear before this court at the appointed time; that their counsel notified the office of the bankruptcy clerk minutes before the scheduled hearing in this case of their inability to appear; and that, therefore, under equitable principles, their nonappearance should be excused and the dismissal accordingly vacated and this case reinstated.

The matter of whether a continuance should be granted with respect to a hearing which has been set on adequate notice to the parties is in the sound discretion of the court. This proposition is too fundamental to require citation of authority. But it means that applications for continuance of a hearing for which adequate notice has been given should be submitted (in writing, when possible) sufficiently in advance of the time set for the hearing so as to grant the court a reasonable opportunity to consider and act upon the request. And the parties and counsel should not regard themselves as excused from attendance unless and until they receive a written or oral order of the court to that effect. Otherwise, for counsel simply to notify the court minutes before the hearing that neither he nor his clients will attend the hearing and then withhold attendance in the absence of a court order amounts, in substance, to a party's granting itself a continuance. The normal conduct of judicial functions will not admit of such a practice, much less the time strictures under which this court must currently operate.

Nor, even if the telephone call to an unnamed clerk can be regarded as timely notice, it cannot be regarded as effective notice. Counsel should, as noted above, make their requests for continuance in a signed and filed writing so as to avoid the ineffective transmissions which may result from oral communication with an anonymous member of the staff.

For the foregoing reasons, because a continuance was not properly or effectively requested, the motion to vacate and set aside the dismissal should be denied.

The motion should also be denied, however, for the separate and independent reason that no hearing was necessary. The files and records of the court conclusively show that three prior incomplete petitions were filed by the debtors and that no schedules have yet been filed by them in a manner sufficient to permit the ordinary processing of this case. The court of appeals, in a recent decision which is applicable to this district, has recognized that the bank-

ruptcy court need not suffer the repeated filings of fragmentary petition for no apparent legitimate purpose.[1] The prohibited pattern of such filings is conclusively demonstrated by the files and records of the court. This court has therefore, as noted above, abstained from the case pursuant to § 305 of the Bankruptcy Code. Such a dismissal by abstention is neither appealable nor reviewable otherwise and this court, for the above reasons, should not further delay this already much delayed matter by reconsidering it. It is therefore

ORDERED that the debtors' motion to vacate and set aside the dismissal be, and it is hereby, denied.

1. See *Buffington v. Adams,* 676 F.2d 703 (8th Cir. 1981).